986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shannon L. PHILLIPS, Plaintiff-Appellant,
v.
R.D. CANADAY, District Judge, for the County of Montgomery,
Kansas; David L. Thompson, District Judge, for the County
of Montgomery, Kansas; Terry P. Todd, County Attorney, for
the County of Montgomery, Kansas; Sharon Thiel, Court
Services Officer for the County of Montgomery, Kansas,
Defendants-Appellees.
 No. 92-3063.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on plaintiff Shannon L. Phillips' motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, plaintiff must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law or facts in support of the issues raised on appeal. See 28 U.S.C. § 1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 2
 Plaintiff, a state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against two state judges, a county attorney, and a county court services officer. The district court dismissed the complaint under 28 U.S.C. § 1915(d). It also found plaintiff's appeal to be legally frivolous and not taken in good faith and denied plaintiff leave to appeal in forma pauperis. Plaintiff's complaint asserted discrimination on the basis of handicap, in that he was denied a suspended sentence because he could not participate in a diversion program because of his physical condition.
 
 
 3
 Plaintiff pleaded guilty to a single burglary charge and received a three-to-ten year sentence. He was then moved to the Kansas State Reception and Diagnostic Center (S.R.D.C.) for evaluation before reappearing before the sentencing court. After his evaluation, the sentencing court ordered suspension of plaintiff's sentence if he completed the Labette Correctional Conservation Camp Program (L.C.C.C.). However, plaintiff was discharged from the L.C.C.C. for medical reasons within a month of reporting to that facility. He was ultimately transferred to the Hutchinson Correctional Facility and his suspended sentence was revoked. The basis for plaintiff's medical discharge was an ankle fracture suffered before his evaluation at the S.R.D.C., which ankle was reinjured following his discharge from L.C.C.C., before his transfer to Hutchinson.
 
 
 4
 We have examined the record[1] and agree with the district court that plaintiff has not stated a claim against the state judges. Those judges are not shown to have acted in the absence of jurisdiction and therefore have absolute immunity. Stump v. Sparkman, 435 U.S. 349 (1978). With regard to the allegations of discrimination arising out of plaintiff's discharge from the L.C.C.C. diversion program, the decision to revoke plaintiff's suspended sentence because of his physical inability to function at L.C.C.C. is not a violation of plaintiff's constitutional guarantees. Kansas district court judges enjoy broad discretion in sentencing. Plaintiff has made no allegations the sentencing court exercised partiality, was oppressive, or acted in a discriminatory manner. State v. Heywood, 783 P.2d 890, 892-93 (1989). By plaintiff's own admission, removing plaintiff from the L.C.C.C. program and returning him to the custody of the Department of Corrections occurred because of plaintiff's physical inability to function at L.C.C.C. and not because of any improper motive of any named defendants.
 
 
 5
 We conclude that plaintiff can make no rational argument on the law or facts in support of the issues raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. Plaintiff's request for appointment of counsel is denied as moot. The appeal is dismissed.
 
 
 6
 AFFIRMED.
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff submitted to this court a portion of a journal entry and an Amended Petition for Writ of Habeas Corpus, which we have treated as his brief. We do not, however, reach new issues appearing in those pleadings, captioned as a pending matter in Montgomery County, Kansas, which were not raised in the district court in the instant case