No. 61,217

STATE OF KANSAS, *Appellee*, v. PAUL LESTER HEYWOOD, *Appellant.*

(783 P.2d 890)

Opinion filed December 8, 1989.

*Charles D. Dedmon,* assistant appellate defender, argued the cause, and *Benjamin C. Wood,* former chief appellate defender, and *Jessica R. Kunen,* chief appellate defender, were with him on the briefs for appellant.

*Frank E. Kohl,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

The opinion of the court was delivered by

LOCKETT, J.: After pleading guilty in two separate cases, Paul Lester Heywood was sentenced to two concurrent terms of 15 years to life for aggravated criminal sodomy. (K.S.A. 21-3506, a class B felony). Based on our holding in *State v. Clements,* 241

Kan. 77, 734 P.2d 1096 (1987), he was resentenced to two consecutive terms of 5-20 years. Heywood appeals, claiming that the imposition of consecutive terms at resentencing was beyond the district court's remand jurisdiction, presumably vindictive, and an abuse of discretion.

On February 1, 1985, Heywood pled guilty in case number 84 CR 234 to one count of aggravated criminal sodomy and two counts of indecent liberties with a child. He also pled guilty in case number 84 CR 254 to another count of aggravated criminal sodomy. Pursuant to K.S.A. 22-3430, Heywood was committed to the Larned State Hospital for treatment in lieu of sentencing.

On January 9, 1987, approximately two years later, Heywood was returned from Larned and sentenced as follows: (1) in case number 84 CR 234, 15 years to life for aggravated criminal sodomy and 5-20 years for each of the two indecent liberties convictions; (2) in case number 84 CR 254, 15 years to life for aggravated criminal sodomy. The district court ordered that all sentences run concurrently, giving Heywood a controlling term of 15 years to life.

For some reason unknown to this court, Heywood only appealed from case number 84 CR 254. While this appeal was pending, we issued our opinion in *State v. Clements*, 241 Kan. 77. Clements had been convicted of aggravated criminal sodomy after having molested an eleven-year-old boy. Finding that the elements of aggravated criminal sodomy, a class B felony, were identical to those of one form of indecent liberties with a child, a class C felony, we vacated Clements' sentence, holding: "Where two offenses are identical except for the class of felony to which each is assigned, a defendant may be sentenced only under the lesser penalty section." 241 Kan. 77, Syl. ¶ 3.

Without a hearing, Heywood's case was remanded to the sentencing court for resentencing in light of *Clements*. On March 31, 1988, the district court resentenced Heywood as follows: (1) in case number 84 CR 234, 5-20 years for aggravated criminal sodomy, with this sentence to run concurrently with the sentences for the indecent liberties convictions; and (2) in case number 84 CR 254, 5-20 years for aggravated criminal sodomy, with this sentence to run consecutive to the sentences in 84 CR 234, giving Heywood a controlling term of 10-40 years. Heywood appeals the

consecutive nature of his new sentences, claiming the district court erred in resentencing him to consecutive sentences with a lesser term of years (10-40) after it had originally sentenced him to concurrent sentences with a greater term of years (15-life).

First, Heywood contends that the district court exceeded its jurisdiction by resentencing him to consecutive terms. Heywood argues that the remand from this court provided the district court with authority only to modify the class B felony convictions to class C felony sentences.

One of the greatest responsibilities within the jurisdiction of district court judges is that of sentencing and corrective penalization. Correct sentencing practice requires a basic knowledge of human nature and common sense. Though general statutory guidelines are set out by the legislature, trial judges are required to use their discretion when imposing a sentence. When sentencing a person to prison, the judge, being cognizant of the nature and circumstances of the crime, and of the history, character, and condition of the defendant, fixes the lowest minimum term which, in the opinion of the judge, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime. Certain factors, while not controlling, are to be considered by the judge: (a) the defendant's history of prior criminal activity; (b) the extent of the harm caused by the defendant's criminal conduct; (c) whether the defendant intended that his criminal conduct would cause or threaten serious harm; (d) the degree of the defendant's provocation; (e) whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense; (f) whether the victim of the defendant's criminal conduct induced or facilitated its commission; and (g) whether the defendant has compensated or will compensate the victim for the damage received. K.S.A. 21-4606.

It is the sentencing judge alone who determines the appropriate sentence or other disposition in each case, not the appellate judges. The sentencing judge sets the sentence to be served by exercising his or her best judgment, common sense, and judicial discretion after considering all of the reports, the defendant's background, the facts of the case, and the public safety. *State v. Harrold*, 239 Kan. 645, 651, 722 P.2d 563 (1986). A sentence

imposed will not be disturbed on appeal if it is within the limits prescribed by law and the realm of trial court discretion and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. Doile*, 244 Kan. 493, 503-04, 769 P.2d 666 (1989).

We find no merit in Heywood's claim that the sentencing judge exceeded his jurisdiction on remand. We intended for the district judge to use his discretion and to consider the statutory guidelines when sentencing on remand, not merely to modify the length of the sentence to fit within the statutory limits of a class C felony.

Heywood next argues that he was denied due process of law when the district court resentenced him in a presumptively vindictive manner. Heywood claims a presumption of vindictiveness exists when a defendant's new sentences are run consecutively, even though the new sentences are equal to or less than the original concurrent sentences.

In *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), relied on by Heywood, one of the defendants had been convicted in an Alabama state court of burglary and sentenced to ten years in prison. In a *coram nobis* proceeding, that defendant claimed he had been denied his constitutional right to counsel and was granted a new trial. After the new trial, he was again convicted, but this time sentenced to 25 years. In vacating the new sentence, the United States Supreme Court held:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes *a more severe sentence* upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." (Emphasis added.) 395 U.S. at 725-26.

In *State v. Macomber*, 244 Kan. 396, 769 P.2d 621 (1989), Macomber was originally convicted of multiple crimes and sentenced to a controlling term of 32 years' to life imprisonment. After receiving a new trial, Macomber was reconvicted of the same crimes and sentenced, by another judge, to 38-100 years in prison. Although the second sentence was more severe than the first, this court found the *Pearce* rationale inapplicable: "[N]o presumption of vindictiveness arises where the original judge does not pronounce sentence after the second conviction." 244 Kan. at 405. Heywood's case is clearly distinguishable from both *Pearce* and *Macomber* because his new sentences are less severe than his original sentences.

In *State v. Jones*, 294 N.C. 642, 243 S.E.2d 118 (1978), the defendant was originally convicted and sentenced for first-degree murder, first-degree burglary, kidnapping, three counts of assault with a deadly weapon, felony breaking or entering, misdemeanor breaking or entering, and misdemeanor larceny. The defendant was granted a new trial and, with the exception of one of the assault charges, was again convicted of the same crimes. After the second trial, however, three of his sentences were increased as follows: Kidnapping, from 20 years to 20-25; one of the felonious assaults, from 18-20 years to 19-20 years; and the other felonious assault, from 8-10 years to 9-10 years. Although defendant's cumulative sentence for all crimes after the second trial was substantially less than his original cumulative sentence, due to decreases in the murder and burglary sentences, the North Carolina Supreme Court found the *Pearce* rationale applicable. In reinstating the original sentences for the three crimes for which the sentences had been increased, the court held: "[T]he constitutional tests fashioned in *Pearce* must be applied separately—not collectively—to the sentence imposed in each case." 294 N.C. at 656. Since Heywood's new sentences, both collectively and separately, are less severe than his first, *Jones* is also distinguishable.

In *United States v. Gilliss*, 645 F.2d 1269 (8th Cir. 1981), the defendant originally pled guilty to kidnapping and was sentenced to 20 years in prison with consideration for parole after three years. After the conviction and sentence were set aside pursuant

to Fed. R. Crim. Proc. 11(f), defendant was reindicted, tried, and convicted. He was again sentenced to twenty years, but this time with no mention of parole. The Eighth Circuit applied the *Pearce* rationale and ordered that the new sentence include parole consideration after three years. 645 F.2d at 1283-84. Since the court's decision was based on its finding that the second sentence was more severe than the first, *Gillis* is not applicable to Heywood's case.

In *United States v. Pimienta-Redondo*, 874 F.2d 9 (1st Cir. 1989), the facts indicate that two defendants were convicted of two drug-related offenses. The first defendant was sentenced to two consecutive five-year terms; the second defendant to two consecutive six-year terms. On appeal, the two offenses were held to constitute only one chargeable crime and defendants' sentences were vacated. On remand, defendants were resentenced on the single, properly charged offense to ten and twelve years, respectively.

Defendants again appealed, claiming that the *Pearce* presumption of vindictiveness should apply even though their new sentences were no more severe than their previous controlling terms. A panel of the first circuit agreed and vacated their sentences.

The panel's opinion, however, was withdrawn and an en banc court reached the opposite conclusion. In affirming defendants' new sentences, the court said:

"The sentences imposed after remand were sufficiently within the integument of the district court's original sentencing plan that neither [defendant] could have had any reasonable apprehension that harsher punishment was meted out in retaliation for claiming an appeal. Under the circumstances of this case, a presumption of vindictiveness is unwarranted." 874 F.2d at 15-16.

Although the final disposition of *Pimienta-Redondo* is adverse to Heywood's position, he claims that the reasoning of the original panel should control. We find this reasoning no more persuasive than did the en banc first circuit court. Since Heywood's new sentences are less severe than his first, there is no presumption of vindictiveness. The new sentences did not violate Heywood's right to due process of law.

Heywood's last claim is that the district court abused its discretion by imposing consecutive sentences without explaining its

reasons for doing so. One who asserts that the court has abused its discretion bears the burden of showing such abuse of discretion. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. Stated another way, discretion is abused only where no reasonable person would take the view adopted by the trial court. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Leeper v. Schroer, Rice, Bryan & Lykins, P.A.*, 241 Kan. 241, 248, 736 P.2d 882 (1987).

Heywood cites 3 ABA Standards for Criminal Justice, Standard 18-4.5 (2d ed. 1980): "Consecutive sentences should not routinely be imposed." He argues that his new sentences thwart the ABA Standards and the spirit of *Clements*, the case which led to his resentencing. Heywood argues:

"Judge Stewart should not have considered [defendant's previous] sentences at all, nor should he have, by his silence, made it appear as if he were attempting to approximate those unlawful sentences. This was an inadequate basis upon which to make such a serious decision and is an abuse of discretion."

Heywood's original sentence would not have been disturbed on the ground it was excessive if it was within the limits set by law, within the realm of discretion on the part of the trial court, and not the result of partiality, prejudice, oppression, or corrupt motive. *State v. Dunn*, 243 Kan. 414, 434, 758 P.2d 718 (1988). The State had originally agreed that if Heywood pled guilty, it would not seek to invoke the provisions of the Habitual Criminal Act. At the plea hearing, the court followed the State's recommendation to refer Heywood to the State Hospital at Larned for treatment in lieu of sentencing pursuant to K.S.A. 22-3430. Approximately two years later, Heywood was returned to the court for sentencing. Prior to imposing Heywood's original concurrent sentences for the two class B felonies, the district judge reviewed the presentence report, the report from the State Hospital, and the defendant's past record, which included three prior convictions for similar sex offenses.

At Heywood's resentencing, the court again reviewed the negative report from the State Reception and Diagnostic Center which showed that, in the past ten years, he had been convicted

in three states for similar crimes. The report concluded that, since Heywood's sexual misconduct was not a single impulsive act and since there was little likelihood that he would change this behavior, he would be an extremely high risk to the community. When resentencing Heywood to consecutive terms in the two cases, the court took into consideration the statutory guidelines and adjusted the sentence to approximate the original sentencing scheme. After reviewing the guidelines, we find the judge did not abuse his discretion in resentencing Heywood.

The judgment of the district court is affirmed.

SIX, J., not participating.