**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GREGORY K. REED,

      Petitioner-Appellant,

v.

ROBERT D. HANNIGAN; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 01-3195

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 99-CV-3183-DES)**

---

Submitted on the Briefs:[1]

Gregory K. Reed, petitioner-appellant, appearing pro se.

Jared S. Maag, Assistant Attorney General, Criminal Litigation Division, Office of
Kansas Attorney General, for the respondents-appellees.

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

    [1] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

**BRISCOE**, Circuit Judge.

_____

Petitioner Gregory K. Reed appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

In July 1990, petitioner pled guilty to one count of indecent liberties with a child and one count of furnishing a minor with alcohol, based on an incident with his stepdaughter. He was sentenced to concurrent terms of five to twenty years for the indecent liberties count, and one to five years for the alcohol count.

In 1992, the Kansas Supreme Court decided *State v. Williams*, 829 P.2d 892, 897 (Kan. 1992), holding that because the state legislature had created the more specific crime of aggravated incest for situations where the victim was related to the perpetrator, it was improper for the prosecution to charge a defendant with the more general crime of indecent liberties under such circumstances. The statutory penalty for the crime of aggravated incest is less severe than the statutory penalty for indecent liberties with a child. The court held that the legislature intended that aggravated incest constitutes a less serious offense than when the same prohibited act is perpetrated by a defendant against a child with whom the defendant has no familial relationship. *Id.*

On April 15, 1994, the Kansas Supreme Court issued two decisions regarding the effect of *Williams* on cases where a defendant had been convicted of rape or indecent liberties with a child to whom he or she was related. In *Carmichael v. State*, 872 P.2d 240, 247 (Kan. 1994), the court held that the rule announced in *Williams* was not

2

jurisdictional, and the proper post-conviction remedy for a defendant challenging a rape conviction, where the defendant was related to the victim, was to vacate the sentence for the crime of rape and remand for resentencing for the crime of aggravated incest.[2]  In contrast, in *LaBona v. State*, 872 P.2d 271, 273 (Kan. 1994), the court held that a defendant who voluntarily pled guilty to the crime of indecent liberties with a child waived the right to challenge that conviction by asserting he could only be charged with aggravated incest.  Reiterating that its ruling in *Williams* was not jurisdictional or constitutional in nature, the court held that a defendant who pled guilty acquiesced in his conviction for indecent liberties and would not be resentenced under the penalty provisions applicable to aggravated incest.  *Id.* at 272-74.

In 1997, petitioner filed a pro se motion to correct his sentence in the state trial court, based on *Williams* and *Carmichael*.  The state trial court held, and the Kansas Court of Appeals affirmed, that petitioner had waived any challenge to his sentence when he pled guilty to the crime of indecent liberties with a child.  Petitioner filed a petition for writ of habeas corpus in federal district court, alleging that his sentence violated due process, equal protection, and the separation of powers doctrine because his sentence for indecent liberties with a child exceeded the maximum statutory penalty for the crime he

---

[2]     In *Beem v. McKune*, 278 F.3d 1108, 1112-14 (10th Cir. 2002), we held that this procedure created the unconstitutional result of sentencing a defendant for a crime for which he was not charged, tried, and convicted.  Rehearing en banc has been granted in this case.  However, we note that the procedural context in *Beem* differs from that presented here in that Beem did not plead guilty.

3

committed (aggravated incest). The district court denied the petition, holding that the state court ruling was based upon an interpretation of state law and did not raise a federal constitutional issue. On appeal, we granted a certificate of appealability on this issue.

Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a writ of habeas corpus on any claim that was adjudicated on the merits by a state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Petitioner has not shown that his habeas corpus petition meets these standards. As applicable here, petitioner has not established that the state court application of clearly established federal law was objectively unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 409 (2000).

The state court decision that petitioner waived the right to challenge his conviction by pleading guilty to the more general offense is not contrary to clearly established federal law as the United States Supreme Court has approved similar holdings on many occasions. *See, e.g.*, *United States v. Broce*, 488 U.S. 563, 570-74 (1989) (holding habeas petitioners waived double jeopardy challenge by pleading guilty to separate charges, despite later court ruling that such charges would have been impermissible); *Tollett v. Henderson*, 411 U.S. 258, 265-67 (1973) (holding guilty plea waived all challenges to

4

deprivations of constitutional right that antedated plea such as infirmities in the composition of the grand jury).

"[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Broce*, 488 U.S. at 574 (quotation omitted). At the time petitioner was charged, it was legally permissible to charge petitioner with indecent liberties rather than aggravated incest, *see State v. Hutchcraft*, 744 P.2d 849 (Kan. 1987), *overruled in relevant part by Williams*, 829 P.2d at 897, and thus petitioner's plea was not an unlawful plea. *See Broce*, 488 U.S. at 572-73 (noting that absent impermissible state conduct, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise," and holding that a petitioner need not know of the potential defense to waive it) (quotation omitted). For the same reason, petitioner's attorney was not ineffective for failing to predict a judicial ruling that would not be announced until 1992, and further, this later judicial ruling did not render petitioner's prior plea unknowing and involuntary. *See Baker v. State*, 894 P.2d 221, 223-24 (Kan. Ct. App. 1995).

Moreover, the fact that a petitioner who has pled guilty is treated differently than a petitioner who was tried and convicted by a jury does not violate equal protection because the petitioners are not similarly situated. *See Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) ("If the groups are not similarly situated, there is no equal protection

5

violation.") (quoting *United States v. Woods*, 888 F.2d 653, 656 (10th Cir. 1989)).  Unlike an accused who elects to go to trial, a defendant who pleads guilty admits violating the statute charged and thereby waives his potential defenses.  *See Broce*, 488 U.S. at 569.

Finally, the underlying state court decision challenged in the present petition for writ of habeas corpus does not violate the doctrine of separation of powers.  Petitioner relies on *Whalen v. United States*, 445 U.S. 684, 689-90 (1980), to argue the separation of powers doctrine has been violated here.  *Whalen* involved the federal court's interpretation of the punishments authorized by Congress for double jeopardy purposes, and thus involved a question of federal constitutional law.  In its opinion, the Court expressly noted that "the doctrine of separation of powers embodied in the Federal Constitution is not mandatory on the States."  *Id.* at 689 n.4.

AFFIRMED.  As the district court had granted petitioner's motion to proceed in forma pauperis, petitioner's second motion to proceed in forma pauperis is DENIED as moot.

6