No. 95,733

STATE OF KANSAS, *Appellee,* v. JOHN AARON THOMAS, *Appellant.*

(156 P.3d 1261)

Review of the judgment of the Court of Appeals in an unpublished order filed June 24, 2005.

Opinion filed April 27, 2007.

*Michelle A. Davis,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Ty Kaufman,* county attorney, argued the cause, and *Phill Kline,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: The State appeals the Court of Appeals' order granting Thomas' motion for summary disposition and remanding for resentencing pursuant to *State v. McAdam,* 277 Kan. 136, 83 P.3d 161 (2004). The State argues that a late appeal granted by the district court in 2005 must be subject to the law in effect at the time Thomas should have filed it, September 2001, and in effect during the course of that 2001 appeal. It reasons that because *McAdam* is a 2004 decision, Thomas' appeal could not have been pending at that late date and a sentence reduction that *McAdam* would otherwise authorize is not available to him. Our jurisdiction is pursuant to K.S.A. 20-3018(b).

The issues on appeal, and our accompanying holdings, are as follows:

1. Did the Court of Appeals err in granting Thomas' motion for summary disposition? Yes.

2. Is remanding for resentencing under *McAdam* correct? Yes.

3. Does K.S.A. 21-4721(c) bar Thomas' appeal? No.

Accordingly, we affirm the Court of Appeals' order remanding the case to the district court for resentencing.

## FACTS

In January 2001, John Aaron Thomas was charged in the Mc-Pherson County District Court with manufacturing methamphetamine, possessing methamphetamine, felony possession of drug paraphernalia, and criminal possession of a firearm.

On April 17, 2001, Thomas entered a plea agreement with the State. He agreed to plead either guilty or nolo contendere to the manufacturing methamphetamine charge; in exchange, the State agreed to dismiss the remaining counts.

On September 11, 2001, Thomas was sentenced to 162 months' imprisonment based upon the drug severity level 1 felony of manufacturing methamphetamine and a criminal history classification of "E." The district court judge failed to inform Thomas of his appellate rights, *e.g.*, the right to appeal his sentence as permitted by Kansas law. See *State v. Harrold*, 239 Kan. 645, 649, 722 P.2d 563 (1986) (following a guilty or nolo contendere plea, a defendant may challenge the sentence imposed). Thomas did not file a direct appeal. See K.S.A. 22-3608(a) (appeal must be filed within 10 days of sentencing).

On January 30, 2004, the Kansas Supreme Court filed *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004). The court held that the offense of manufacturing the controlled substance methamphetamine under K.S.A. 65-4159(a), a drug severity level 1 felony, was identical to the offense of compounding the stimulant methamphetamine under K.S.A. 65-4161(a), a drug severity level 3 felony. Accordingly, the defendant could be sentenced only under the lesser penalty provision. This court vacated McAdam's sentence for violation of K.S.A. 65-4159(a) and remanded with instructions to resentence him for a drug severity level 3 felony, as provided for a violation of K.S.A. 65-4161(a).

On February 25, 2004, Thomas filed a motion to correct an illegal sentence under K.S.A. 22-3504, *i.e.*, to reduce his drug se-

verity level 1 sentence to a drug severity level 3 sentence per *McAdam.* The district court denied the motion.

On June 25, 2004, the Kansas Supreme Court filed *State v. Barnes,* 278 Kan. 121, 92 P.3d 578 (2004). Barnes pled guilty to aiding and abetting the manufacture of methamphetamine and was sentenced under K.S.A. 65-4159(a) to a controlling term of 146 months' imprisonment. Prior to this court's decision in *McAdam,* the Court of Appeals had rejected Barnes' argument that the offense of manufacturing methamphetamine under K.S.A. 65-4159(a), a drug severity level 1 felony, was identical to the offense of compounding a stimulant under K.S.A. 65-4161(a), a drug severity level 3 felony, and that she could only be sentenced under the lesser penalty provision. In *Barnes,* we held that the *McAdam* rule applied to a case which had a direct appeal pending as of the date of the *McAdam* decision. We also held that Barnes' plea agreement, which included a guilty plea in exchange for the dismissal of several charges, did not bar her relief under *McAdam.* We remanded for resentencing. 278 Kan. at 127-28.

On June 24, 2005, the Court of Appeals affirmed the district court's denial of Thomas' motion to correct his illegal sentence under K.S.A. 22-3504 and its alternative characterization as a motion under K.S.A. 60-1507. It held that *McAdam* did not apply retroactively, *i.e.,* to those cases which were no longer direct appeals pending as of the date of the *McAdam* decision.

On August 25, 2005, Thomas filed a motion to docket his direct appeal out of time. Based upon *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982), he argued that the district court erred in failing to advise him of his right to appeal his sentence at the September 2001 sentencing and that fundamental fairness required that his late appeal be allowed to proceed.

On September 2, 2005, the Kansas Supreme Court filed *Bryant v. State,* 280 Kan. 2, 118 P.3d 685 (2005). As characterized 2 months later in *State v. Phinney,* 280 Kan. 394, 400-01, 122 P.3d 356 (2005), *Bryant* essentially held that *McAdam* did not apply retroactively, *i.e.,* to those cases which were no longer direct appeals pending as of the date of the *McAdam* decision.

On November 9, 2005, the district court granted Thomas's motion to docket his appeal out of time based upon *Ortiz*. The journal entry provided: "[T]he Court never advised the defendant of his right to appeal at the time of sentencing; the defendant was not advised of his right to appeal by his attorney; and the defendant did not otherwise know that he had a right to appeal the sentence of the Court.' " Later that day, Thomas filed his direct appeal with the Court of Appeals.

On November 10, 2005, the Kansas Supreme Court filed *Phinney*. Phinney pled no contest to possession of pseudoephedrine in exchange for the remaining charges being dismissed. He was sentenced for a drug severity level 1 felony under K.S.A. 2001 Supp. 65-7006 to a 150-month prison sentence, with a dispositional departure to 36 months' probation. He did not file a notice of appeal. Approximately 1 month after his sentencing, the Court of Appeals filed *State v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). That court held that possession of pseudoephedrine under K.S.A. 2001 Supp. 65-7006(a), a severity level 1 felony, and possession of drug paraphernalia under K.S.A. 2001 Supp. 65-4152(a)(3), a severity level 4 felony, are identical offenses, and a defendant convicted under 65-7006(a) could be sentenced only under the lesser penalty provision of 65-4152. In short, the *Frazier* court recognized the "identical offense" doctrine, as this court would later in a similar context in *McAdam*. After Phinney violated his probation, among other things he asked that his sentence be reduced to a severity level 4 felony based upon *Frazier*. The district court denied the motion, revoked his probation, and ordered him to serve the original 150-month sentence. Phinney later filed a direct appeal, 1½ years after his original sentencing, arguing he was entitled to a late appeal pursuant to *Ortiz*.

In *Phinney*, we noted that *Barnes* involved a direct appeal pending when *McAdam* was decided, and we had found the defendant entitled to resentencing under *McAdam*. We also observed that *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005), involved a direct appeal pending when *Frazier* was decided, and this court had ultimately affirmed the *Frazier* holding by finding that 65-7006(a) was identical to 65-4152(a)(3) and that the defendant

should have been sentenced under the lesser penalty provision. We held that Phinney met the *Ortiz* requirements, allowed his appeal out of time, and remanded for resentencing:

"The rationale for allowing an *Ortiz* appeal out of time is fundamental fairness. It is a device to put the defendant into the position he or she would have been in if fully informed of his or her appeal rights after sentencing. If a defendant can meet the narrow exceptional circumstances outlined in *Ortiz* and applied in *Willingham*, that defendant's out-of-time appeal should be treated as if it were a timely filed direct appeal. [Citation omitted.]

"Thus, Phinney's appeal should be treated as if it had been filed timely. Had that occurred, it would have been pending when *Frazier* was decided, and *Frazier* should apply to reduce Phinney's sentence, in accord with the holding in *Campbell*. This case must be remanded for resentencing as a severity level 4 felony.

"This conclusion is also supported by this court's opinion in *Bryant v. State*, 280 Kan. 2. While we refused in *Bryant* to apply *McAdam* on a collateral attack, the final paragraph of the opinion contemplated an 'alternative means to the end Bryant seeks,' *i.e,* retroactive application of *McAdam* may be achieved by perfecting a direct appeal out of time, as Phinney has done here. See *Bryant*, 280 Kan. at 13." *Phinney*, 280 Kan. at 406-07.

On December 27, 2005, Thomas' appeal was docketed with the Clerk of the Appellate Courts.

On April 27, 2006, Thomas moved for summary disposition of his appeal pursuant to Supreme Court Rule 7.041a (2006 Kan. Ct. R. Annot. 53). He argued that the *Barnes* court had held that a defendant whose direct appeal was pending at the time *McAdam* was released was entitled to resentencing in accordance with *McAdam*; consequently, his sentence should be reduced on remand from a drug severity level 1 to a drug severity level 3.

On May 3, 2006, the Court of Appeals denied Thomas' motion for summary disposition of his appeal.

On May 5, 2006, Thomas filed his appellate brief. He again argued that under the rationale of *Barnes,* the *McAdam* rule applied to him and his sentence should be reduced on remand.

On June 12, 2006, Thomas again filed for summary disposition of his appeal pursuant to Rule 7.041a or for alternative expedited resolution under Supreme Court Rule 7.041 (2006 Kan. Ct. R. Annot. 52).

On June 20, 2006, the State responded to Thomas' motion for summary disposition.

On June 22, 2006, the Court of Appeals granted Thomas' motion for summary disposition and remanded for resentencing per *McAdam* under the following rationale:

"The district court has previously found that the appellant was never notified of his right to appeal and case-law exceptions operate to confer appellate jurisdiction. The appellee filed no cross-appeal. An appellee must file a notice of cross-appeal from adverse rulings in order to obtain appellate review of those issues. [Citation omitted.] This court accordingly will not review the district court order finding that the case-law exceptions set out in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), apply to the present case. The appellant is accordingly allowed to file and docket this appeal out of time pursuant to *State v. Phinney*, 280 Kan. 394, 122 P.3d 356 (2005); *Ortiz*, 230 Kan. at 733, 640 P.2d 1255 (1982); and *State v. Willingham*, 266 Kan. 98, 967 P.2d 1079 (1998).

"It is unknowable when the appellant's appeal might have become final had his counsel informed him of his right to appeal and timely filed a notice of appeal. It is not uncommon for docketing itself to consume months or even years, and the time from docketing to decision varies wildly. This court will not speculate about when the appellant's appeal might have become final. The appellant was not provided the proper information regarding his appeal rights in the first place, and his appeal could not be docketed until *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), became the law of this state.

"Under the facts of this case, the defendant is entitled to the benefit of *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), pursuant to *State v. Barnes*, 278 Kan. 121, 92 P.3d 578 (2004). Thomas's sentence is vacated, and the matter is remanded to the district court with directions to resentence him pursuant to *McAdam*."

The State's brief to the Court of Appeals originally had been due on July 7, 2006. Because of the summary disposition, however, that opportunity was now moot.

On November 8, 2006, we granted the State's petition for review.

## ANALYSIS

Issue 1: *The Court of Appeals erred in granting Thomas' motion for summary disposition.*

The State argues that the Court of Appeals erred in granting Thomas' motion for summary disposition under Supreme Court

Rule 7.041 because no prior appellate cases discuss whether a granted late appeal is subject to the law in effect at the time it should have been filed or the law in effect at the time the appeal is actually granted. "The interpretation of a Supreme Court rule is a question of law over which this court has unlimited review. [Citation omitted.]" *State v. Hoge*, 283 Kan. 219, 221, 150 P.3d 905 (2007).

Supreme Court Rule 7.041 (2006 Kan. Ct. R. Annot. 52-53) provides:

"In any case in which it appears that a *prior controlling appellate decision is dispositive of the appeal*, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision. Such an order may be entered on the court's own motion after ten (10) days' notice to the parties, citing the decision deemed controlling and providing an opportunity to show cause why such an order should not be filed.

"At any time during the pendency of the appeal, any party may move for summary disposition, citing the prior controlling decision. The motion shall be served on opposing counsel who may respond within ten (10) days. Thereafter, the court may enter an order summarily affirming or reversing, or denying the motion." (Emphasis added.)

*Barnes* held that a criminal defendant whose direct appeal was pending at the time *McAdam* was released is entitled to the resentencing benefits of that decision, if he or she meets its requirements. 278 Kan. at 122-29. Additionally, *Phinney* held that an out-of-time direct appeal should be treated "as if it had been filed timely." 280 Kan. at 406. Based upon a literal reading of *Phinney*, an argument can be made that an out-of-time direct appeal reverts back to the time when the defendant should have filed it in order to be treated "as if it had been timely filed"; here, September 2001. If the appeal does "revert back," resentencing relief would not be warranted if the appeal was no longer pending as of the date of the *McAdam* decision because *McAdam* does not apply retroactively. *Phinney*, 280 Kan. at 400-01; *Bryant*, 280 Kan. 2.

Accordingly, the threshold issue is not whether the State's argument is correct but whether the argument is foreclosed by controlling appellate authority. See Rule 7.041. Because of the absence of a specific conclusion on this issue by our appellate courts, the Court of Appeals erred in granting summary disposition without

the benefit of the State's brief. See *State v. Patten*, 280 Kan. 385, 388, 122 P.3d 350 (2005) (in the absence of prior controlling decision, summary disposition not allowed); *Eaton v. Johnston*, 235 Kan. 323, 325-26, 681 P.2d 606 (1984) (same).

Nevertheless, this issue has been addressed by both parties in briefs and arguments to this court. Because the facts underlying the issue are undisputed, this court's review of the question of law presented is unlimited. See, *e.g.*, *Stewart v. Capps*, 247 Kan. 549, 551, 802 P.2d 1226 (1990). Thus, this court will address the merits of the State's argument that an out-of-time direct appeal "reverts back" to the time it should have been filed.

Issue 2: *Remand to the district court for resentencing is correct.*

According to the State, the Court of Appeals held as a matter of law that Thomas' case *would* have been pending 2½ years after his sentencing when *McAdam* was decided. The State misreads the court's holding. The court did not hold that Thomas' direct appeal *would* have been pending at the time *McAdam* was decided; rather, it simply opined that there was no way to know.

The State also argues that a late appeal granted by the district court in 2005 must be subject to the law in effect at the time Thomas should have filed it, September 2001, and in effect during the course of that 2001 appeal. It reasons that because *McAdam* is a 2004 decision, Thomas' appeal could not have been pending at that late date and a sentence reduction that *McAdam* would otherwise authorize is not available to him.

For support, the State primarily cites certain language and facts from *Phinney*, 280 Kan. at 406-07:

"If a defendant can meet the narrow exceptional circumstances outlined in *Ortiz* and applied in *Willingham*, that defendant's out-of-time appeal *should be treated as if it were a timely filed direct appeal.* [Citation omitted.]

"*Thus, Phinney's appeal should be treated as if it had been filed timely. Had that occurred, it would have been pending when Frazier was decided, and Frazier should apply to reduce Phinney's sentence, in accord with the holding in Campbell.* This case must be remanded for resentencing as a severity level 4 felony." (Emphasis added.)

The State observes that in *Phinney*, because defendant was sentenced on February 2, 2002, his appeal easily "would have been

pending when *Frazier* was decided" on March 15, 2002. 280 Kan. at 406. Clearly, then, according to the State, *"Frazier* should apply to reduce Phinney's sentence." 280 Kan. at 406-07. As summarized in its brief: "Under *these* circumstances the *Phinney* court held that if Phinney had filed a direct appeal, his appeal would still have been pending approximately 30 days later and *Frazier* would apply." (Emphasis added.) Based upon *Phinney's* facts, the State argues that Thomas similarly must show that his appeal would have been pending at the time of *McAdam's* filing. The State reasons that if Thomas cannot make this showing, and because *McAdam* does not apply retroactively, then he cannot obtain *McAdam's* beneficial resentencing.

On the one hand, it can be argued that Thomas can make such a showing. Had Thomas been correctly advised at the September 11, 2001, sentencing, his appeal should have been filed later that month. Then, as now, his appeal most likely would have been assigned to the Appellate Defender Office (ADO). That office also represented McAdam, whose appeal was docketed 3 months later in December 2001. It is also likely that the same office representing two defendants with the same "identical offense" sentencing issues would have raised the same issue for both its clients on appeal. Indeed, as Thomas' ADO counsel argued before this court, the *McAdam* rule very well could have been the *Thomas* rule instead.

On the other hand, Thomas may be unable to make such a showing. In *Laymon v. State,* 280 Kan. 430, 122 P.3d 326 (2005), McAdam's ADO counsel argued the identical offense doctrine while Laymon's ADO counsel did not, even though both cases were in the ADO at overlapping periods of time. Although the Court of Appeals had already rejected the identical offense doctrine in *McAdam* by the time Laymon's brief was due 3 weeks later, and although McAdam's petition for review on that issue had been granted before Laymon's oral arguments to the Court of Appeals, his counsel still did not pursue the issue in his brief or at oral argument.

*Laymon* illustrates the speculation problem inherent in the State-argued requirement that Thomas prove his appeal still would have been pending when *McAdam* was filed in January 2004.

Moreover, the State's proposed requirement reveals a potential irony. *Laymon* held that counsel's failure to raise the *McAdam*-type defense was ineffective assistance of counsel requiring a remand for resentencing under *McAdam*. By contrast, here the district court's failure to advise Thomas of his right to appeal his sentence, *e.g.*, so that a *McAdam*-type defense would be raised, could require no remand for resentencing at all. Simply put, appellate courts would reject any arguments which, because of the time frame of this case, would necessarily be based upon some speculation that Thomas' appeal would have been pending in January 2004.

For these reasons, we agree with the Court of Appeals. We hold that when a late appeal is granted by the district court under *Ortiz*, 230 Kan. 733, the appeal is subject to the law in effect at the time of its granting rather than the law in effect when the defendant should have filed his or her direct appeal and during its pendency.

The Court of Appeals did not err in remanding Thomas' appeal for resentencing.

Issue 3: *K.S.A. 21-4721(c) does not bar Thomas' appeal.*

Finally, the State argues that as a matter of jurisdiction, because of K.S.A. 21-4721(c), Thomas may not appeal his sentence. Whether appellate jurisdiction exists is a question of law over which this court exercises unlimited review. Because the right to appeal is statutory, this court has a duty to question jurisdiction on its own initiative. If it is clear from the record that jurisdiction does not exist, the appeal must be dismissed. *Phinney*, 280 Kan. at 398.

The State acknowledges that K.S.A. 21-4721(e) provides a standard basis for appeal:

"(e) In any appeal, the appellate court may review a claim that:

. . . .

(3) the sentencing court erred in ranking the crime severity level of the current crime . . . ."

It argues, however, that while *Barnes* allowed jurisdiction in "cases such as the instant case" pursuant to K.S.A. 21-4721(e), the statute's subsection (c) trumps and prevents an appeal. This subsection states in relevant part:

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime . . . or

(2) Any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record."

In support, the State cites *State v. Thorpe,* 36 Kan. App. 2d 475, 141 P.3d 521 (2006). There, after the defendant pled guilty to involuntary manslaughter while driving under the influence of alcohol and two counts of aggravated battery, he appealed, claiming that the district court abused its discretion in imposing consecutive sentences contrary to the State's recommendation of concurrent sentences. Citing K.S.A. 21-4721(c)(1), the Court of Appeals dismissed the appeal for lack of jurisdiction. 36 Kan. App. 2d at 477-78. Based on *Thorpe,* the State asserts that where a defendant pleads guilty and receives a sentence within the presumptive range, he or she has no right to appeal.

We acknowledge the *Thorpe* holding and decisions of this court holding that subsection (c)(1) is a jurisdictional bar to sentencing appeals. See, *e.g., State v. Campbell,* 273 Kan. 414, 421-22, 44 P.3d 349 (2002); *State v. Clemons,* 273 Kan. 328, 343-44, 45 P.3d 384 (2002). However, inherent in *Barnes* is a rejection of the arguments that the imposition of a presumptive sentence or a plea agreement sentence denies an appellate court its jurisdiction for addressing a *McAdam*-type appeal. We therefore reject the State's argument.

We have reviewed the State's other arguments and find them without merit.

The remand is affirmed.

JOHNSON, J., not participating.

LOCKETT, J., Retired, assigned.