No. 64,929

STATE OF KANSAS, *Appellee*, v. DEAN HALBERT HANNAH,
*Appellant*.
(804 P.2d 990)

Opinion filed January 18, 1991.

*Michael L. McCoy*, assistant appellate defender, argued the cause, and *Steven R. Zinn*, deputy appellate defender, was with him on the brief for appellant.

*Chris Biggs*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case concerns the exercise of trial court discretion during the sentencing phase of a criminal proceeding.

Dean Hannah, the defendant, pled guilty to first-degree murder (K.S.A. 1989 Supp. 21-3401), burglary (K.S.A. 1989 Supp. 21-3715), and misdemeanor theft (K.S.A. 21-3701). He was sentenced to life imprisonment (murder), three to ten years (burglary), and one year (theft). The three- to ten-year sentence is consecutive to the life sentence and concurrent with the one year sentence.

Hannah claims the sentence of three to ten years, the maximum for burglary, is an abuse of trial court discretion.

We find no error and affirm.

## Facts

In September 1989, Hannah broke into Daniel Dahlgren's apartment when Dahlgren was not home and took a Nintendo game, a VCR, and a stereo receiver. Thirteen days later, Hannah returned to Dahlgren's apartment with a gun and demanded money. Dahlgren gave Hannah $60 in cash, a checkbook, and a telecard. Hannah fatally shot Dahlgren in the back of the head and fled in Dahlgren's car. Hannah confessed to the crimes.

The Geary County Attorney filed a six-count complaint/information charging Hannah with first-degree murder (count I), aggravated robbery (count II), aggravated burglary (count III), felony theft (count IV), burglary (count V), and misdemeanor theft (count VI). Counts I through IV related to the later shooting incident while counts V and VI arose out of the initial September entry.

Under a plea agreement, Hannah entered pleas of guilty to count I, first-degree murder; count V, burglary; and count VI, misdemeanor theft. The State dismissed the remaining charges. The trial court accepted the pleas and ordered a presentence investigation report.

Hannah requested the minimum burglary sentence of one to five years to be served concurrently with the sentence for misdemeanor theft. The State requested the maximum sentence on the burglary charge of three to ten years. The trial court discussed the factors set forth in K.S.A. 21-4606 and concluded: "The Court must find that Mr. Hannah is a danger to society and must protect society as one of the interests which this Court is required to perform in accordance with K.S.A. 21-4606."

The trial court heard Hannah's motion for modification of the burglary sentence in February 1990. Hannah contended that he should receive the minimum sentence for burglary of one to five years. He argued that the burglary occurred two weeks prior to the murder. Hannah asserted that the trial court should not consider the murder when applying the factors set forth in K.S.A. 21-4606 to determine the sentence for the burglary charge. The argument advanced by counsel before the trial court states the essence of Hannah's appeal:

"Your Honor, the burglary . . . took place approximately two weeks prior to the murder. It appears that there was no nexus between the burglary and the murder other than the same parties being involved.

"In this case, Your Honor, the burglary would have constituted the defendant's first felony and prior to that, he had no significant criminal history . . . . [T]he Court should handle [the burglary sentence] in the manner that it would have handled it . . . had the burglary case been filed and heard by this Court prior to . . . the murder case.

. . . .

"[W]e do believe that under the circumstances, . . . the sentence which should have been imposed on the burglary under the circumstances and as laid out in 4606 should have been a sentence of no more than one to five years . . . ."

The State reasoned that the trial court is entitled to view all the circumstances surrounding Hannah's involvement with Dahlgren.

The trial court in denying the motion to modify stated: "[Hannah] is a very dangerous individual and as far as this Court's concerned, he's not rehabilitatible and he should receive maximum imprisonment and should stay there as long as we possibly can keep him."

### The Burglary Sentence

Burglary of a building is a class D felony. K.S.A. 1989 Supp. 21-3715. Punishment is based upon an indeterminate term of imprisonment of a minimum of not less than one year nor more than three years and a maximum of not less than five years nor more than ten years. K.S.A. 21-4501(d)(2). Hannah's sentence of three to ten years is within this statutory limit.

In *State v. Heywood,* 245 Kan. 615, 617-18, 783 P.2d 890 (1989), we set out the controlling sentencing concepts. The sentencing judge alone determines the appropriate sentence, not appellate judges. The sentencing judge determines the sentence to be served by exercising his or her best judgment, common sense, and judicial discretion. Consideration is to be given to all of the reports, the defendant's background, the facts of the case, and the public safety. A sentence imposed will not be disturbed on appeal if it is within the limits prescribed by law, the realm of trial court discretion, and is not a result of partiality, prejudice, oppression, or corrupt motive.

K.S.A. 21-4606 lists the criteria the court should consider in sentencing a person to prison.

In the case at bar, the trial court considered and made findings as to each of the K.S.A. 21-4606 factors. The trial court noted that Hannah does not have a long criminal history. Hannah's case involved first-degree murder. The extent of harm was the most serious factor. Noting that the burglary and theft occurred before the murder and were separate from it, the trial court found: "[I]t does not appear that [Hannah] intended severe harm or serious harm in that particular case." There was no provocation and no substantial grounds to excuse or justify the burglary. Under the circumstances of the victim's death, the trial court found that compensation for "a few electronic pieces of gadgetry would only be insulting . . . ." The trial court concluded that Hannah is a danger to society and sentenced him to the maximum sentence for burglary.

Hannah argues that because the crime of burglary occurred before the murder, the trial court abused its discretion in considering the later crimes of murder and robbery in imposing sentence for the initial burglary. The State counters that the trial judge is not required to consider the prior burglary in a vacuum. The State's argument is persuasive.

Hannah cites. *State v. Westmoreland,* 314 N.C. 442, 449, 334 S.E.2d 223 (1985). *Westmoreland* held in part: "[A] conviction of an offense covered by the Fair Sentencing Act may not be aggravated by contemporaneous convictions of offenses joined with such offense." Hannah urges us to adopt the *Westmoreland* rationale.

*Westmoreland* was controlled by a North Carolina statutory sentencing scheme which is different from K.S.A. 21-4601 *et seq.* The North Carolina Fair Sentencing Act provides for a presumptive sentence of a definite term of years for each class of crimes. If a North Carolina trial court imposes a sentence that exceeds the presumptive sentence, it must make findings as to each enumerated aggravating and mitigating factor proved. A North Carolina trial court must also find that the aggravating factors outweigh the mitigating factors. N.C. Gen. Stat. § 15A-1340.4 (1983). The North Carolina sentencing scheme is different from both the Kansas indeterminate sentencing scheme and

K.S.A. 21-4606 sentencing guidelines. The *Westmoreland* rationale does not control the case at bar.

K.S.A. 21-4601 provides for a liberal construction of sentencing statutes. Persons convicted of crimes shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies. Dangerous offenders shall be correctively treated in custody for long terms as needed.

K.S.A. 21-4606(1) refers to the "nature and circumstances of the crime and the *history, character and condition of the defendant.*" (Emphasis added.) K.S.A. 21-4606(2) refers to "prior criminal activity" and defendant's "criminal conduct." The foregoing statutory provisions do not explicitly limit the trial court's consideration, when imposing sentence, to events occurring only before the individual crime for which defendant is being sentenced occurred. Under a liberal construction rule, the trial court may consider all relevant facts occurring before sentencing.

The charges to which Hannah pled guilty were all set out in one complaint/information. The plea agreement considered the initial and later crimes together. In both instances, Hannah committed the crimes to obtain money to purchase drugs.

The trial court noted that the initial burglary occurred before and was separate from the murder and that the extent of harm caused by the burglary was not severe. The trial court appropriately considered the later murder in determining that Hannah is a danger to society.

The sentence of three to ten years on the burglary is within the statutory limits. Hannah has shown no abuse of discretion.

Affirmed.