IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,288

STATE OF KANSAS,
*Appellee*,

v.

BRENTON S. COOK,
*Appellant*.

SYLLABUS BY THE COURT

1.    K.S.A. 22-3504(c)(1) defines an illegal sentence as one imposed by a court without jurisdiction, one that does not conform to the applicable statutory provision, or one that is ambiguous.

2.    As used in 22-3504(c)(1), the phrase "applicable statutory provision" is limited to those statutory provisions that define the crime, assign the category of punishment, or involve the criminal history classification.

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument December 11, 2024. Opinion filed December 27, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

*Ryan J. Ott,* assistant solicitor general, and *Kris W. Kobach,* attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

LUCKERT, C.J.: Brenton S. Cook appeals the district court's summary denial of his motion to correct an illegal sentence. Although Cook refers to his motion as one to correct an illegal sentence, his arguments focus on the underlying convictions, and he requests a new trial. But convictions generally may not be attacked using a motion to correct an illegal sentence, and the remedy for an illegal sentence is a new sentence not a new trial. We thus conclude the district court correctly denied Cook's motion, which asserts claims that cannot be considered and seeks relief that cannot be granted under the procedural vehicle of K.S.A. 22-3504.

## FACTS AND PROCEDURAL HISTORY

Brenton S. Cook fired three shots and killed Dean Endsley in Endsley's Salina residence while attempting to collect on a drug debt. A jury convicted Cook of premeditated first-degree murder, aggravated burglary, and criminal possession of a firearm. The district court sentenced Cook to a hard 25 life sentence for premeditated first-degree murder, plus 60 months on the remaining counts. This court affirmed his convictions and sentences on direct appeal. *State v. Cook*, 286 Kan. 1098, 1099-1101, 191 P.3d 294 (2008).

Several years later, Cook filed a pro se motion to correct an illegal sentence that is now before us. In the motion, he argues his convictions are multiplicitous and violate the "double jeopardy clause 21-3107(2)(D)" because insufficient time passed between when he pulled the gun from his coat pocket and when he fired it for him to form the required mental state and to premeditate murder. He concludes the court should "correct Mr. Cook's sentence because the trial court erred in allowing these charges to be presented to a jury when these charges and instructions clearly violate state and federal laws including

2

the merger doctrine, multiplicity, and double jeopardy statutes. Mr. Cook should be granted a new trial, or resentenced."

The State replied to this motion by noting that Cook focused his arguments on his convictions rather than his sentences. It also pointed out that Cook failed to address the statutory definition of an illegal sentence. In sum, the State argued Cook requested a remedy that was not available under the illegal sentence statute, K.S.A. 22-3504.

The district court agreed with the State's arguments, noting that Cook "does not challenge the legality of his sentence." The district court explained that Cook does "not allege that the District Court was without jurisdiction to impose the sentence, nor [did] he allege that the sentence was ambiguous with respect to time and manner in which the sentence was to be served [nor] that the sentence imposed fails to conform to the statutes in effect at the time." The district court characterized Cook's motion as complaining "of trial errors that should have been asserted in his direct appeal." It also concluded that Cook's claims were barred under res judicata principles.

Cook requested and was appointed counsel. He filed a timely notice of appeal before counsel was appointed. This is his appeal, and we have jurisdiction to consider it. See *State v. Gilbert*, 299 Kan. 797, 800, 326 P.3d 1060 (2014) (court that had jurisdiction over original, direct appeal has appellate jurisdiction over a subsequent motion to correct an illegal sentence); see also *Cook*, 286 Kan. at 1101.

ANALYSIS

The issue we have before us is whether the district court correctly denied Cook's motion to correct illegal sentence. We review the district court's decision de novo—that is, we exercise unlimited review. *State v. Collier*, 316 Kan. 109, 111, 513 P.3d 477 (2022). In doing so, we apply the illegal sentence statute, which defines an illegal

3

sentence as one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

In conducting our unlimited review, we, like the district court, discern no argument in Cook's briefing that suggests his sentences fall under the statutory definition of an illegal sentence. He does not suggest that the district court lacked jurisdiction to sentence him or that the sentence imposed was ambiguous with respect to the time and manner it was to be served. This leaves only one statutory basis that might support the conclusion that Cook suffered an illegal sentence: that the sentence does not conform to the applicable statutory provision.

The phrase "applicable statutory provision" as used in K.S.A. 22-3504 means a provision defining the crime, assigning the category of punishment, or involving the criminal history classification, including whether a prior conviction was properly classified under the Kansas Sentencing Guidelines Act. *State v. Johnson*, 317 Kan. 458, 461-62, 531 P.3d 1208 (2023). In other words, K.S.A. 22-3504 does not open the doors to correct a sentence when a defendant argues *any* statute was violated.

Cook here challenges the convictions and sentences imposed for the crimes of first-degree premeditated murder and aggravated burglary. The applicable statutory provisions for these crimes and sentences at the time he committed those acts include K.S.A. 21-3401(a) (Furse 1995) (premeditated first-degree murder); K.S.A. 21-3716 (Furse 1995) (aggravated burglary is a severity level 5, person felony); K.S.A. 2005 Supp. 21-4635(b)-(d) (sentencing premeditated first-degree murder); K.S.A. 2005 Supp. 21-4704 (sentencing grid); K.S.A. 2005 Supp. 21-4711 (criminal history classification); K.S.A. 2005 Supp. 21-4716 (presumptive sentences). Cook does not argue the judge violated any of these statutes when imposing his sentences.

4

Rather, to the extent Cook argues his sentences violate a statute, he points to the statutory limitations on double jeopardy in K.S.A. 2005 Supp. 21-3107(2). But this prohibition does not define a crime of conviction, assign the punishment, or address criminal history classification—the reviewable items under the illegal sentence statute, K.S.A. 22-3504. The double jeopardy provision is thus not an applicable statutory provision that supports a conclusion that Cook received an illegal sentence amenable to correction as an illegal sentence under K.S.A. 22-3504(a).

The district court correctly noted that Cook did not challenge the legality of his sentence as permitted by K.S.A. 22-3504(a). Cook's argument that his convictions and resulting sentences are illegal under K.S.A. 2005 Supp. 21-3107 thus fails to properly invoke an applicable statutory provision that might afford him relief under the illegal sentence statute, and the district court appropriately denied Cook relief on this basis.

Because the district court's determination that Cook does not seek relief for an illegal sentence alone provides a valid basis for the district court's decision to deny his motion, we need not reach the district court's alternative ruling that Cook's motion was precluded under res judicata principles. We also decline to consider Cook's motion as a request for habeas relief under K.S.A. 2023 Supp. 60-1507 as we have sometimes done in other cases. See *State v. Redding*, 310 Kan. 15, 18-20, 444 P.3d 989 (2019) (considering whether district court abused its discretion by not construing 22-3504 motion as 60-1507 motion). We have several reasons we decline to make that conversion. First, K.S.A. 2023 Supp. 60-1507 is a separate avenue with its own procedures and rules that limit when its relief may be available to a petitioner and those rules have not been addressed by the parties. Second, Cook makes no argument that we should construe his motion as one for habeas relief under K.S.A. 2023 Supp. 60-1507. Finally, he acknowledges he presently has a motion under 60-1507 pending. We therefore will not construe his motion to correct an illegal sentence as anything other than what it purports to be.

We conclude that the district court did not err in concluding that Cook failed to present an argument that his sentence was illegal as that term is defined in K.S.A. 22-3504(c)(1). He thus has used an improper procedural vehicle.

Affirmed.