NOT DESIGNATED FOR PUBLICATION

No. 128,065

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNESTO LOPEZ-RAMOS JR.,
*Appellant.*


MEMORANDUM OPINION

Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Sam Schirer*, Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before SCHROEDER, P.J., HILL and GARDNER, JJ.


PER CURIAM: Ernesto Lopez-Ramos Jr. appeals his sentence from the Ford County District Court, arguing his sentence is illegal because when the district court revoked his probation and imposed his original underlying prison sentence it did not order a term of postrelease supervision, which is required by statute. But the district court did impose a term of postrelease supervision at his original sentencing. Finding this sufficient under the circumstances, we affirm Lopez-Ramos' sentence.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2023, Lopez-Ramos pleaded no contest to one count of possession of methamphetamine, a severity level 5 drug felony. With his criminal history score of A, his presumptive disposition was prison.

At his August 2023 sentencing, the district court granted his motion for a dispositional departure and granted him 24-months' probation with an underlying term of 42-months' imprisonment, followed by 12 months of postrelease supervision.

Yet Lopez-Ramos quickly struggled on probation. In his first two months on probation, he was ordered to serve two "quick dip" jail sanctions. These sanctions made little difference to his propensity to abide by the terms of his probation, and in October 2023, the State moved to revoke his probation. The details of the probation violations are not material to this appeal, so we do not discuss them.

At the probation revocation hearing, on January 11, 2024, Lopez-Ramos stipulated to multiple probation violations. The State asked the district court to revoke his probation and impose a modified 36-month term of imprisonment, and Lopez-Ramos' attorney joined this request. But the district court declined to impose the parties' recommended sentence and instead ordered Lopez-Ramos to serve "the underlying sentence of 42 months in the Department of Corrections."

When announcing this sentence, the district court did not state whether it was also ordering Lopez-Ramos to serve any term of postrelease supervision. On the written journal entry, the district court noted it had imposed Lopez-Ramos' "original sentence," and it checked the box that matched his original 12-month term of postrelease supervision.

2

Lopez-Ramos timely appeals his sentence, arguing it is illegal.

## Is Lopez-Ramos' Sentence Illegal?

Lopez-Ramos argues that his sentence is illegal because K.S.A. 22-3716(f) requires the district court to impose a term of postrelease supervision yet, when revoking his probation, the district court did not do so. The State counters that when the district court revoked Lopez-Ramos' probation it imposed his original underlying sentence, which tacitly included a term of postrelease supervision, so the sentence is legal.

An appellate court reviews the legality of a sentence de novo. *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024). An illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

Lopez-Ramos did not raise this issue before the district court, but an illegal sentence may be corrected at any time while the sentence is still being served. K.S.A. 22-3504(a). So we may consider his argument for the first time on appeal. See *State v. Sartin*, 310 Kan. 367, Syl. ¶ 2, 446 P.3d 1068 (2019) ("[A]n appellate court has the authority to consider an illegal sentence issue raised for the first time on appeal."). We do so here.

Lopez-Ramos argues that his sentence does not conform to the applicable statutory provisions, which renders it illegal, because when the district court revoked his probation, it did not impose a period of postrelease supervision as required by K.S.A. 22-3716(f). This statute provides:

"For crimes committed on and after July 1, 2013, a felony offender whose nonprison sanction is revoked pursuant to subsection (c) or whose underlying prison term expires while serving a sanction pursuant to subsection (c)(1) shall serve a period of postrelease supervision upon the completion of the prison portion of the underlying sentence." K.S.A. 22-3716(f).

A sentence is effective when the court pronounces it from the bench. *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). Further, "[d]uring sentencing, the judge's oral pronouncement is controlling, not the journal entry." *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019).

Ordinarily, a district court lacks jurisdiction to modify a legal sentence once that sentence is pronounced. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). But when a district court revokes a person's probation, it may order that person to serve "the sentence imposed, or any lesser sentence." K.S.A. 22-3716(c)(1)(C). But because of K.S.A. 22-3716(f), a term of postrelease supervision cannot be modified to "zero" months. *State v. Sheets*, 60 Kan. App. 2d 378, 380-81, 494 P.3d 168 (2021). So when a district court revokes a defendant's probation and imposes a modified prison sentence, its failure to announce a term of postrelease supervision results in an illegal sentence. See 60 Kan. App. 2d at 383.

But when a district court does not modify a defendant's underlying sentence, re-pronouncement of the postrelease supervision term is not required because the defendant is being ordered simply to serve his or her original, unmodified sentence. See *State v. King*, No. 122,708, 2021 WL 1045182, at *3 (Kan. App. 2021) (unpublished opinion). In *King*, the district court revoked the defendant's probation and imposed King's underlying prison term that was originally ordered at sentencing. The *King* panel held:

"[T]he district court revoked King's probation and ordered him to serve his underlying 30-month prison term for his methamphetamine conviction. It did not modify that sentence. As a result, the 12-month term of postrelease supervision announced at King's original sentencing hearing remains in effect. The court did not impose an illegal sentence when it ordered him to serve his underlying sentence." 2021 WL 1045182, at *3.

The same is true here. The district court did not modify Lopez-Ramos' underlying sentence when it imposed it. It rejected the parties' invitation to modify his original sentence and imposed his "underlying sentence," which included a statutorily compliant term of postrelease supervision. Unlike in *Sheets*, no modification of Lopez-Ramos' sentence occurred. As a result, the 12-month term of postrelease supervision announced at Lopez-Ramos' original sentencing hearing remains in effect. Thus, the district court did not impose an illegal sentence when it ordered him to serve his underlying sentence.

Affirmed.