IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,344

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER J. ALLISON,
*Appellant*.

SYLLABUS BY THE COURT

1.

K.S.A. 22-3504(c)(1) defines an illegal sentence as one imposed by a court without jurisdiction, one that does not conform to the applicable statutory provision, or one that is ambiguous.

2.

As used in K.S.A. 22-3504(c)(1), the phrase "applicable statutory provision" is limited to those statutory provisions that define the crime, assign the category of punishment, or involve the criminal history classification.

3.

A hard 40 sentence is not illegal under K.S.A. 22-3504 when the procedural requirements set forth in K.S.A. 1992 Supp. 21-4624(5) and (6), and K.S.A. 1992 Supp. 21-4628 are satisfied.

4.

A district court's consideration of statutorily enumerated factors set forth in K.S.A. 1992 Supp. 21-4606 when imposing sentence, including future dangerousness and threat to society, does not render a sentence illegal or constitute an abuse of discretion.

1

Appeal from Cowley District Court; CHRISTOPHER E. SMITH, judge. Submitted without oral argument October 30, 2025. Opinion filed January 16, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, was on the briefs for appellant.

*Ian T. Otte,* deputy county attorney, and *Kris W. Kobach,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WALSH, J.:  Christopher J. Allison received a hard 40 life sentence for his conviction of first-degree murder. He now argues his sentence is illegal because the district court failed to review the jury verdict imposing the hard 40 life sentence in accordance with statute and relied on an aggravating factor not found by the jury. The district court summarily denied his motion to correct an illegal sentence. After considering Allison's arguments, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, the State charged Christopher J. Allison with various counts of theft, burglary, unlawful possession of a firearm, first-degree premeditated murder, conspiracy to commit first-degree murder, and terroristic threat. Before trial, Allison pled guilty to the theft, burglary, and unlawful possession counts. A jury convicted Allison of first-degree premeditated murder, conspiracy to commit first-degree murder, and terroristic threat. The district court held a sentencing proceeding to determine whether to impose a hard 40 life sentence. The jury found a statutory aggravating factor:  Allison "committed the crime in order to avoid or prevent a lawful arrest or prosecution." The jury also found that the aggravating factor outweighed any mitigating circumstances found. Based on the jury's findings, the sentencing judge imposed a life sentence without possibility of parole

2

for 40 years. Allison appealed, claiming instructional, evidentiary, and cumulative errors, as well as failure by the State to provide him notice it intended to seek a hard 40 sentence. This court affirmed Allison's convictions and sentence. *State v. Allison*, 259 Kan. 25, 26, 910 P.2d 817 (1996).

Allison filed a pro se motion to correct an illegal sentence in 2014. He raised numerous challenges, including arguments that his hard 40 sentence was illegal because it did not conform to the requirements of K.S.A. 1993 Supp. 21-4624(2), (4), or (5). The district court summarily denied the motion "because the issues raised were not correctable under a motion to correct an illegal sentence." *State v. Allison*, 306 Kan. 80, 83, 392 P.3d 52 (2017). On appeal, this court affirmed.

Allison filed a second motion to correct an illegal sentence in October 2020. The district court summarily denied relief. This appeal followed, and we have jurisdiction to consider it. *State v. Brown*, 320 Kan. 426, 429, 569 P.3d 909 (2025) (court with jurisdiction over direct appeal has appellate jurisdiction over postconviction motion to correct illegal sentence).

ANALYSIS

An illegal sentence is one "'[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced.'" *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024) (quoting K.S.A. 22-3504[c][1]). "[T]he legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. . . . At that moment, a pronounced sentence is either legal or illegal according to then-existing law." *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019). Here, Allison does not argue his sentences were imposed by a court without jurisdiction. Nor does he argue that the sentence was

3

ambiguous as to the time and manner in which it was to be served when pronounced. That leaves only one possible basis for concluding any sentence was illegal: that it failed to conform to the applicable statutory provision in character or punishment to be served when pronounced.

As an initial matter, the State argues that the law of the case doctrine bars Allison from relitigating the legality of his hard 40 sentence. The State points to our 2017 decision affirming the district court's dismissal of Allison's first illegal sentence motion, in which he raised similar arguments. Here, the district court did not address the State's law-of-the-case argument.

As a general rule, Kansas courts considering a motion to correct an illegal sentence filed under K.S.A. 22-3504, apply the law-of-the-case doctrine only when the circumstances warrant it—such as when a "successive motion . . . merely seeks a 'second bite' at the illegal sentence apple." *State v. Moncla*, 317 Kan. 413, 417, 531 P.3d 528 (2023) (quoting *Murdock*, 309 Kan. at 592-93). But when a movant presents a new argument in a motion to correct an illegal sentence, the court may decline to apply preclusion doctrines to the successive motion. See, e.g., *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1025 (2021).

We have found support for this approach in the plain language of K.S.A. 22-3504(a), which permits a court to "correct an illegal sentence *at any time* while the defendant is serving such sentence." (Emphasis added.) We have interpreted that language to operate "as a legislative override of traditional principles of waiver, abandonment, and res judicata." *Hayes*, 312 Kan. at 867.

Therefore, although we have previously evaluated—and rejected—some of Allison's earlier claims alleging his sentence was illegal, we cannot say his arguments this time around are identical, nor are we willing to reject them out of hand, particularly

when the statutory language allows these claims to be raised at any time. For these reasons, we decline the State's invitation to dismiss Allison's motion as barred by the law of the case doctrine and will address Allison's successive claim.

In the context of an illegal sentence, failure to conform to the applicable statutory provision does not mean *any* statutory provision a defendant argues was violated on the way to a court imposing a sentence. Rather, "'applicable statutory provision' as used in K.S.A. 22-3504 means a provision defining the crime, assigning the category of punishment, or involving the criminal history classification, including whether a prior conviction was properly classified under the Kansas Sentencing Guidelines Act." *Cook*, 319 Kan. at 779.

We first consider the legality of Allison's hard 40 life sentence. Allison argues his sentence failed to conform to K.S.A. 1992 Supp. 21-4624(5) and (6). K.S.A. 1992 Supp. 21-4624(5) provides that a defendant shall be sentenced under the hard 40 sentencing scheme found in K.S.A. 1992 Supp. 21-4628 if the jury finds by unanimous vote and beyond a reasonable doubt, in a written verdict form signed by the foreman, that one or more statutory aggravating factors exist and the aggravating factor or factors are not outweighed by mitigating circumstances. And K.S.A. 1992 Supp. 21-4624(6) requires the trial court to review any jury-imposed mandatory prison term to ensure it is supported by the evidence. If not, the court must modify the sentence and impose a nonmandatory term, explaining its reasons in a written memorandum made part of the record.

Notably, the State does not contest that these subsections constitute "applicable statutory provision[s]" as used in K.S.A. 22-3504. Thus, we assume without deciding that a court's failure to conduct proceedings in accordance with these provisions might constitute an illegal sentence. But our review of the record shows the district court complied with the statutory procedure. It held a sentencing proceeding at which both sides had an opportunity to present evidence and argue aggravating and mitigating

factors. After that process, the jury found an aggravating circumstance—that Allison committed the crime to avoid or prevent lawful arrest or prosecution—and then found that aggravating circumstance outweighed any mitigating circumstances. The jury foreperson signed the written verdict form reflecting these findings. The sentencing judge recognized the effect of the jury's verdict during sentencing: "With respect to Count XIII, of course, the sentence required by law is life imprisonment; and so the Court does not have a duty to consider minimum and maximum terms respecting the sentence to be imposed on conviction of that charge." Later, the sentencing judge pronounced the sentence for count XIII as "a term of imprisonment which shall be life without eligibility for parole prior to serving forty years, which forty year term may not be reduced by the application of good time credits." The sentencing judge noted this sentence was imposed "pursuant to K.S.A. 1992 Supp. 21-4628."

In further support of an illegal sentence, Allison next argues that the district court's failure to reference the aggravating factor found by the jury shows it relied on the wrong factor when imposing the hard 40 sentence. But Allison's argument overlooks the district court's specific reference to the earlier proceedings and verdict form, which reflect the factor that the jury found. The district court followed the statutory procedure outlined by K.S.A. 1992 Supp. 21-4624(5) and imposed the hard 40 sentence required by K.S.A. 1992 Supp. 21-4628 and 21-4624(5).

Allison also argues the district court erred by relying on a statutory factor not found by the jury to support imposition of the hard 40 sentence. He misreads the record. The district court considered the "vicious and cruel and dangerous" nature of the murder in sentencing Allison on the theft, burglary, and unlawful possession convictions. Thus, we therefore decline to consider the district court's language indicating the vicious, cruel, and dangerous nature of the crime in analyzing the legality of the hard 40 sentence for first-degree premeditated murder.

6

Next, Allison argues his sentence is illegal because the district court failed to review the jury's verdict imposing the hard 40 sentence to determine if the evidence supported it, which is required under K.S.A. 1992 Supp. 21-4624(6). Defense counsel argued at sentencing that the evidence did not support the jury's verdict. The district court rejected the argument. The district court noted the statutory duty to review the verdict recommending the hard 40 sentence and concluded the verdict was supported by the evidence, stating:

> "With respect to the duty of the Court to review the evidence and the verdicts of the mandatory minimum term or relating to the minimum term the Court has done so and finds that the verdicts are supported by the evidence, are wholly proper, fully supported and in proper form."

Although the district court did not exhaustively recite the evidence supporting the jury's verdict on the record, the record establishes that the district court performed the requisite review and ascertained that the evidence supported the jury's verdict. For this reason, we reject Allison's argument that his sentence was illegal because the district court did not review the evidence supporting the jury's verdict imposing the hard 40 sentence.

Finally, Allison appears to argue that his other sentences are illegal because the district court erred by considering an aggravating factor not found by the jury when it referenced the "vicious and cruel and dangerous" nature of the murder. Again, assuming without deciding that Allison challenges an "applicable statutory provision," our review of the sentencing transcript shows the district court imposed legal sentences when it applied the statute that assigned the categories of punishment applicable to the various offenses at issue here. The district court began its discussion with reference to K.S.A. 1992 Supp. 21-4606. That statute provided that the district court "shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime." In doing so, the

district court was to consider "the nature and circumstances of the crime and the history, character and condition of the defendant." The statute enumerated factors to be considered during sentencing:

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained." K.S.A. 1992 Supp. 21-4606.

The district court reviewed these factors before pronouncing sentences on each count. It reviewed Allison's "extensive history of prior criminal activity." The district court then noted in the second factor, "With respect to those counts relating to the murder of Tammy Hotchkin, the conspiracy and the murder, there could be no greater harm. A human life was taken, taken in cold blood without provocation, and done upon premeditation." In the third factor, the district court distinguished between the harms caused by the different types of offenses at issue:

"[W]ith respect to the murder[] of Tammy Hotchkin, that question needs no answer. With respect to the burglaries and thefts of which the defendant has been convicted, there's no reason for me to suppose that he intended that those particular burglaries would cause or threaten serious harm, although if he had been apprehended in the course of any of them, harm to someone might . . . w[e]ll have resulted. I think it is notable that the thefts pursuant to the burglaries in several instances involved the acquisitions of . . . firearms. With respect to the charge of illegal possession of a firearm, I think that it's a fair inference that one who so possessed a firearm when he was forbidden to do so would

8

understand that such conduct was prohibited because of the possibility of causing or threatening serious harm."

The district court also commented on the lack of provocation and the absence of substantial grounds tending to excuse or justify Allison's criminal conduct. The district court noted the victims of the burglaries, conspiracy, terroristic threat, and possession of a firearm did not induce or facilitate the commission of these crimes.

After reviewing the statutory factors, the district court also found it appropriate to consider Allison's conduct after some of the crimes that were being sentenced in those proceedings. The district court relied on *State v. Hannah*, 248 Kan. 141, 804 P.2d 990 (1991). There, this court construed K.S.A. 21-4606 to permit a sentencing court to "consider all relevant facts occurring before sentencing." 248 Kan. at 145. In *Hannah*, one such fact included the danger the defendant posed to society based on a murder committed separately and after a burglary count. The burglary sentence fell within the statutory limits. The *Hannah* court concluded the district court did not abuse its discretion by considering the later-committed murder when imposing a sentence within statutory limits. 248 Kan. at 145. Allison's judge noted this rule before commenting:

> "It is appropriate in my judgment to consider the murder of Tammy Hotchkin in determining the appropriate terms to be imposed upon conviction of the other offenses committed by defendant. . . . I think it is [i]ncontrovertible that he has been guilty of *vicious and cruel and dangerous actions* which not only resulted in a death *but threatened society generally, that his continued liberty would threaten society*." (Emphases added.)

The district court then went through Allison's various convictions, imposing sentences for each.

Allison mischaracterizes the district court's statements as relying on a nonstatutory aggravating factor. But the court did not look to Allison's "vicious and cruel and dangerous" conduct as an aggravating factor. It was instead evidence that Allison's liberty posed a threat to society, a consideration that a sentencing court could include in its determination of the appropriate sentence. Under this court's law at the time of sentencing, an appellate court would find no abuse of discretion when the sentence imposed relying on that factor fell within statutory limits for the offense. See *Hannah*, 248 Kan. at 145. Allison makes no argument his sentences on the other counts exceeded the statutory limits permitted at the time of these offenses.

Allison also argues the district court's reliance on this factor to impose his sentences consecutively rendered his sentences illegal because an aggravating factor not found by the jury should not, in his view, be a basis for imposing consecutive sentence terms. But K.S.A. 1992 Supp. 21-4608(1) conferred discretion on the district court to impose the sentences consecutively. Even if we were to broadly read Allison's argument as alleging an abuse of discretion, we conclude no such abuse occurred here: we see no error of law or fact, nor was the decision arbitrary, fanciful, or unreasonable given that Kansas law allowed a district court to consider future dangerousness in sentencing. See *State v. Alvarado-Meraz*, 321 Kan. 51, 58, 573 P.3d 266 (2025) (abuse of discretion standard). Thus, the district court's decision to impose consecutive sentences did not produce an illegal sentence.

CONCLUSION

We affirm the judgment of the district court.

LUCKERT, J., not participating.

10